## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GREGORY MITCHELL**                                      **CIVIL ACTION**

**versus**                                                          **NO. 13-4918**

**WARDEN ROBERT TANNER**                          **SECTION: "R" (1)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

Petitioner, Gregory Mitchell, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.  On November 12, 2009, he pleaded guilty to possession of cocaine under Louisiana law.  On that same date he also pleaded guilty to being a second offender, and he was sentenced as such to a term of two and one-half years imprisonment.

It was ordered that he be given credit for time served and that his sentence run concurrently with an unrelated sentence he was already serving.[1] On October 26, 2010, the Louisiana Fifth Circuit Court of Appeal affirmed the conviction and sentence.[2] The Louisiana Supreme Court then denied his related writ application on December 2, 2011.[3]

On or about December 19, 2011, petitioner filed an application for post-conviction relief with the state district court.[4] That application was denied on January 26, 2012.[5] On May 14, 2012, his related writ application was then denied in part and granted in part by the Louisiana Fifth Circuit Court of Appeal, and the matter was remanded to the district court for further proceedings.[6] In the interim, on or about April 23, 2012, petitioner had filed another application for post-conviction relief with the state district court.[7] On July 18, 2012, the state district court again denied relief.[8] Petitioner's related writ applications were then likewise denied by the Louisiana Fifth Circuit

---

[1] State Rec., Vol. II of III, transcript of November 12, 2009; State Rec., Vol. I of III, minute entry dated November 12, 2009; State Rec., Vol. I of III, guilty plea form; State Rec., Vol. I of III, multiple offender plea form.

[2] State v. Mitchell, 52 So.3d 155 (La. App. 5th Cir. 2010) (No. 10-KA-334); State Rec., Vol. III of III.

[3] State ex rel. Mitchell v. State, 76 So.3d 1170 (La. 2011) (No. 2011-KH-0355); State Rec., Vol. III of III.

[4] State Rec., Vol. I of III.

[5] State Rec., Vol. I of III, Order dated January 26, 2012.

[6] State v. Mitchell, No. 2012-KH-308 (La. App. 5th Cir. May 14, 2012); State Rec., Vol. III of III.

[7] State Rec., Vol. I of III.

[8] State Rec., Vol. I of III, Order dated July 18, 2012.

Court of Appeal on December 10, 2012,[9] and April 2, 2013,[10] and by the Louisiana Supreme Court on September 20, 2013.[11]

While those state proceedings were ongoing, petitioner filed the instant federal application for *habeas corpus* relief on or about June 25, 2013.[12]  The state filed a response arguing that the application should be dismissed on the grounds that this Court lacks subject matter jurisdiction.[13]

Federal district courts have jurisdiction to entertain petitions for writs of *habeas corpus* from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added).  Normally, however, a petitioner must be "in custody" *with respect to the conviction being challenged*, and a petitioner is no longer considered to be "in custody" with respect to a conviction after the sentence imposed for that conviction has fully expired.  Maleng v. Cook, 490 U.S. 488, 492 (1989); see also Emerson v. Louisiana, Civ. Action No. 10-1846, 2010 WL 5375984, at *2 (E.D. La. Nov. 18, 2010), adopted, 2010 WL 5376359 (E.D. La. Dec. 14, 2010); Silvo v. Cain, Civ. Action No. 09-3692, 2009 WL 3151166, at *1 (E.D. La. Sept. 30, 2009); Johnson v. Hubert, Civ. Action No. 08-688, 2008 WL 1746727, at *2 (E.D. La. Apr. 11, 2008).

---

[9] State v. Mitchell, No. 12-KH-793 (La. App. 5th Cir. Dec. 10, 2012); State Rec., Vol. I of III.

[10] State v. Mitchell, No. 13-KH-262 (La. App. 5th Cir. Apr. 2, 2013); State Rec., Vol. III of III.

[11] State *ex rel.* Mitchell v. State, 123 So.3d 172 (La. 2013) (No. 2013-KH-0854).

[12] Rec. Doc. 1.

[13] Rec. Doc. 9.  The state alternatively argues that petitioner's federal application is untimely. However, because this Court does indeed lack jurisdiction, that alternative argument need not be addressed.

In the instant case, the state argues that petitioner's current incarceration is based on a prior conviction, *not the 2009 conviction challenged herein*.  As noted, petitioner's sentence from the 2009 conviction was for a term of only two and one-half years imprisonment.  Because he was given credit for all time served since his arrest on June 25, 2009, and because the 2009 sentence was served *concurrently* with his prior sentence, the state argues that the two and one-half year sentence imposed for the 2009 conviction expired in 2011.  The state opines that petitioner is therefore no longer "in custody" with respect to the 2009 conviction and, accordingly, this Court lacks jurisdiction to consider a challenge to that conviction.[14]

Petitioner disagrees.  Although his argument is somewhat unclear, he seems to be contending that this federal application should not be dismissed because his 2009 conviction served as the basis for the revocation of his parole with respect to his prior conviction.[15]  *If* that were indeed the case, it appears he would in fact meet the custody requirement, and this Court would have jurisdiction.  See Brittain v. Cockrell, No. 00-10538, 2001 WL 1692470, at *2 (5th Cir. Nov. 27, 2001); see also Williams v. Dretke, No. 05-20303, 2006 WL 707135 (5th Cir. Mar. 21, 2006); Reeves v. Quarterman, No. 3:08-CV-1512, 2009 WL 3681976, at *4 (N.D. Tex. Nov. 4, 2009).  However, as the state correctly notes, petitioner's underlying contention is incorrect.

---

[14]  As the state notes in its response, Garlotte v. Fordice, 515 U.S. 39 (1995), is inapposite.  In Garlotte, the Supreme Court held that, if a petitioner has been sentenced to serve *consecutive* sentences, he remains "in custody" for habeas purposes even until all of the consecutive sentences are served regardless of which particular criminal judgment he is challenging.  Garlotte does not apply to cases in which *concurrent* sentences were imposed.  See, e.g., Mays v. Dinwiddie, 580 F.3d 1136, 1140-41 (10th Cir. 2009).  A petitioner does not meet the custody requirement to challenge an expired sentence even if he remains "in custody" on a separate concurrent sentence.  Id.; see also Sweet v. McNeil, 345 Fed. App'x 480 (11th Cir. 2009); Butler v. Quarterman, No. 3-09-CV-0700, 2009 WL 3097283, at *2 n.3 (N.D. Tex. Sept. 28, 2009).

[15]  Rec. Doc. 10.

The documents concerning petitioner's parole revocation show that he was accused of violating the terms of his parole in three respects.  Specifically, the Notice of Preliminary Hearing provided in pertinent part:

> It is alleged that you have violated the conditions of your parole in the following manner:
>
> **5.  That I will not associate with persons known to be engaged in criminal activity.  Also, I will not associate with persons known to have been convicted of a felony without written permission from my Parole Agent.**
> Gregory Mitchell failed to not associate with persons known to be engaged in criminal activity when he was arrested on 6/25/2009 with another person who was arrested for Poss. of Cocaine and Poss. WITD Cocaine.
>
> **8.   That I will live and remain at liberty and refrain from engaging in any type of criminal conduct.**
> Gregory Mitchell failed to refrain from engaging in any type of criminal conduct when he was arrested on 6/25/2009 for Poss. of Cocaine and Poss. WITD Cocaine.
>
> **16.   I will perform one hundred hours of unpaid community service work during the period of my parole, and if unemployed, perform additional hours as instructed by my supervising Parole Agent.**
> Gregory Mitchell failed to show any proof of completing his one hundred hours of unpaid community service work during the period of his parole.[16]

Waiving his right to a preliminary hearing, petitioner pleaded guilty to all three of those violations.[17] As a result, on July 27, 2009, the Louisiana Parole Board sent him a notice informing him that his parole was revoked effective July 7, 2009.[18]

---

[16]  Rec. Doc. 12-1, p. 3.

[17]  Id.

[18]  Id., p. 1.

It is therefore clear that petitioner's parole was revoked for the foregoing reasons, *not due to the conviction challenged in this federal proceeding*.  In fact, the challenged conviction could not have played any party whatsoever in the revocation, because that conviction did not even exist at the time petitioner's parole was revoked.  As noted, his parole was revoked in July of 2009, and the conviction challenged herein did not occur until several months later in November of 2009.  Although the same underlying criminal *conduct* may have led to both the parole revocation and the later criminal conviction, that alone is not sufficient to satisfy the custody requirement.  See Brittain v. Cockrell, No. 00-10538, 2001 WL 1692470 (5th Cir. Nov. 27, 2001) (noting that the dispute in that case was whether the petitioner's parole was revoked "because of" his later *conviction* or, instead, "because the *conduct* he was accused of violated the terms of his parole *independent of the conviction*" (emphasis added)).

Simply put:  petitioner's sentence from his 2009 conviction is fully expired, and he is not currently confined based on *that conviction*.  Rather, he is confined based on his sentence for a prior unrelated conviction, after his parole with respect to that prior conviction was revoked.  Because the 2009 *conviction* did not serve as one of the grounds for that parole revocation, it cannot be said that he is "in custody" with respect to that conviction.  Therefore, this Court lacks jurisdiction to consider a challenge to the 2009 conviction.[19]

---

[19]  Out of an abundance of caution, the Court notes that this Report and Recommendation concerns only the 2009 conviction, which is the only conviction challenged in the instant petition. Nothing herein should be construed as affecting petitioner's right to file a separate action challenging his prior conviction and the parole revocation which serve as the basis for his current incarceration.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Gregory Mitchell be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[20]

New Orleans, Louisiana, this twenty-sixth day of December, 2013.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[20] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.